**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| DIANA DAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-525C |
| v. | ) | (Judge Nancy B. Firestone) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Pursuant to Court of Federal Claims Rule 12(b)(6), defendant, the United States, respectfully requests that the Court dismiss the complaint in this action for failure to state a claim upon which relief can be granted. In support of this motion, the United States relies upon the complaint, the attachments to the complaint, and the following brief.

**QUESTION PRESENTED**

Whether death benefits pursuant to the Public Safety Officers' Benefits Act of 1976 (the "Act") are available where the police officer's death allegedly resulted from injuries sustained in an automobile accident that occurred two years before the Act's effective date of September 29, 1976.

**STATEMENT OF THE CASE**[1]

**I. Nature Of The Case**

This action concerns a claim for death benefits by the spouse of a New Jersey police officer pursuant to the Public Safety Officers' Benefits Act of 1976, 42 U.S.C. § 3796. Plaintiff,

[1] The Statement Of The Case section of this motion is based upon the facts alleged in the plaintiff's complaint. By reciting these allegations, the Government does not admit the accuracy of plaintiff's factual allegations, but rather, accepts plaintiff's allegations for purposes of this motion.

Diana Dawson, submitted an application for death benefits to the Bureau of Justice Assistance of the United States Department of Justice on or about May 1, 2002. Compl., Ex. 1. The Bureau denied Ms. Dawson's application explaining that "[t]he Public Safety Officers Benefits Act covers deaths of public safety officers that resulted from line of duty injuries sustained on or after the date of enactment of the Act, which was September 29, 1976." Id. (citing Pub. L. No. 94-430 § 6 (Sept. 29, 1976)).

Ms. Dawson subsequently filed an administrative appeal. See Compl., Ex. 8. On October 21, 2004, following an oral hearing and a comprehensive review of the entire claim, the Bureau of Justice Assistance upheld the initial denial of benefits. Compl., Ex. 8.

This appeal followed.[2]

## II. Statement Of Facts

In 1974, Richard Dawson was a police officer for Pennsauken Township in New Jersey. Compl. ¶ 1. On September 7, 1974, Mr. Dawson lost control of his police car on a wet roadway while responding to a burglar alarm call. Compl. ¶ 2. Mr. Dawson's car left the road and hit a metal sign pole. Compl. ¶ 3. As a result of the accident, Mr. Dawson suffered severe injuries that left him a quadriplegic. Compl. ¶ 5. After the accident, Mr. Dawson was confined to a wheelchair. Compl. ¶ 5. Mr. Dawson's health gradually deteriorated and he died as a result of his injuries on March 7, 1999. Compl. ¶¶ 5, 7.

[2] The appeal was originally filed in the Court of Appeals for the Third Circuit on October 17, 2005, which transferred the matter to the Court of Appeals for the Federal Circuit, which in turn transferred the matter to the Court of Federal Claims. Plaintiff was directed to file a "transfer complaint," which ultimately was filed on October 25, 2006.

# ARGUMENT

## I. Standard of Review

Dismissal for failure to state a claim "is appropriate 'when the facts asserted by the claimant do not under the law entitle him to a remedy.'" Dangfeng Shen Ho v. United States, 49 Fed. Cl. 96, 100 (2001) (quoting Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir.1998)); see also RCFC 12(b)(6). As explained below, the facts alleged in the complaint in this action do not support an award of death benefits to plaintiff pursuant to the Public Safety Officers' Benefits Act.

## II. Plaintiff Is Not Entitled To Benefits Pursuant To The Public Safety Officers' Benefits Act Of 1976 Because Mr. Dawson's Injuries Were Sustained In An Accident That Occurred Before The Act's Effective Date

The Public Safety Officers' Benefits Act of 1976 provides specified benefits to family members of police officers whose death is caused by injuries sustained in the line of duty. Pub. L. No. 94-430 § 2 (Sept. 29, 1976) (codified at 42 U.S.C. § 3796) (attached as Exhibit A). Benefits under the Act are available only for "deaths occurring from injuries sustained on or after the date of enactment of this Act." Id. § 6. The date of enactment of the Public Safety Officers' Benefits Act was September 29, 1976. Id.

Benefits under the Act are, thus, unavailable for deaths resulting from injuries sustained before September 29, 1976. Pub. L. No. 94-430 § 6; 28 C.F.R. § 32.3 (2006) (attached, in pertinent part, as Exhibit B). Plaintiff avers that the "'in the line of duty' accident" that caused Mr. Dawson's injuries occurred on September 7, 1974. Compl. ¶ 5. Accordingly, plaintiff is not entitled to benefits under the Act.

**CONCLUSION**

For this reason, the United States respectfully requests that the Court grant its motion to dismiss.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Todd M. Hughes

TODD M. HUGHES
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit,
8th Floor
Washington, D.C. 20530
Tele: (202) 616-0465
Fax: (202) 307-0972

December 8, 2006

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 8th day of December, 2006, a copy of "DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Harrington