PL 94-430, September 29, 1976, 90 Stat 1346
**(Publication page references are not available for this document.)**

**UNITED STATES PUBLIC LAWS**
**94th Congress - Second Session**
**Convening January 19, 1976**

Copr. © West Group 1998. No Claim to Orig. U.S. Govt. Works

**DATA SUPPLIED BY THE U.S. DEPARTMENT OF JUSTICE. (SEE SCOPE)**
Additions and Deletions are not identified in this document.

PL 94-430 (HR 366)
September 29, 1976

An Act to amend the Omnibus Crime Control and Safe Streets Act of 1968, as amended, to provide benefits to survivors of certain public safety officers who die in the performance of duty.

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That this Act may be cited as the "Public Safety Officers' Benefits Act of 1976". 42 USC 3701 note. 42 USC 3701 et seq.

Sec. 2. Title I of the Omnibus Crime Control and Safe Streets Act of 1968, as amended, is amended by adding at the end thereof the following new part:

"Part J.--Public Safety Officers' Death Benefits

" PAYMENTS

"Sec. 701. 42 USC 3796. (a) In any case in which the Administration determines, under regulations issued pursuant to this part, that a public safety officer has died as the direct and proximate result of a personal injury sustained in the line of duty, the Administration shall pay a benefit of $50,000 as follows:

"(1) if there is no surviving child of such officer, to the surviving spouse of such officer;

"(2) if there is a surviving child or children and a surviving spouse, one-half to the surviving child or children of such officer in equal shares and one-half to the surviving spouse;

"(3) if there is no surviving spouse, to the child or children of such officer in equal shares; or

"(4) if none of the above, to the dependent parent or parents of such officer in equal shares.

"(b) Whenever the Administration determines, upon a showing of need and prior to taking final action, that the death of a public safety officer is one with respect to which a benefit will probably be paid, the Administration may make an interim benefit payment not exceeding $3,000 to the person entitled to receive a benefit under subsection (a) of this section.

Copr. © West 2006 No Claim to Orig. Govt. Works

PL 94-430, September 29, 1976, 90 Stat 1346
**(Publication page references are not available for this document.)**

"(c) The amount of an interim payment under subsection (b) of this section shall be deducted from the amount of any final benefit paid to such person.

"(d) Where there is no final benefit paid, the recipient of any interim payment under subsection (b) of this section shall be liable for repayment of such amount. The Administration may waive all or part of such repayment, considering for this purpose the hardship which would result from such repayment.

"(e) The beneffit payable under this part shall be in addition to any other benefit that may be due from any other source, but shall be reduced by--,

"(1) payments authorized by section 8191 of title 5, United States Code;

"(2) payments authorized by section 12(k) of the Act of September 1, 1916, as amended (D.C. Code, sec. 4--531(1)).

"(f) No benefit paid under this part shall be subject to execution or attachment.

" LIMITATIONS

" Sec. 702. 42 USC 3796a. No benefit shall be paid under this part--,

"(1) if the death was caused by the intentional misconduct of the public safety officer or by such officer's intention to bring about his death;

"(2) if voluntary intoxication of the public safety officer was the proximate cause of such officer's death; or

"(3) to any person who would otherwise be entitled to a benefit under this part if such person's actions were a substantial contributing factor to the death of the public safety officer.

" DEFINITIONS

" Sec. 703. 42 USC 3796b. As used in this part--,

"(1) 'child' means any natural, illegitimate, adopted, or posthumous child or stepchild of a deceased public safety officer who, at the time of the public safety officer's death, is--,

"(A) eighteen years of age or under;

"(B) over eighteen years of age and a student as defined in section 8101 of title 5, United States Code; or

"(C) over eighteen years of age and incapable of self-support because of physical or mental disability;

"(2) 'dependent' means a person who was substantially reliant for support upon the income of the deceased public safety officer;

"(3) 'fireman' includes a person serving as an officially recognized or designated member of a legally organized volunteer fire department;

"(4) 'intoxication' means a disturbance of mental or physical faculties resulting from the introduction of alcohol,

Copr. © West 2006 No Claim to Orig. Govt. Works

drugs, or other substances into the body;

"(5) 'law enforcement officer' means a person involved in crime and juvenile delinquency control or reduction, or enforcement of the criminal laws. This includes, but is not limited to, police, corrections, probation, parole, and judicial officers;

"(6) 'public agency' means any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States, or any unit of local government, combination of such States, or units, or any department, agency, or instrumentality of any of the foregoing; and

"(7) 'public safety officer' means a person serving a public agency in an official capacity, with or without compensation, as a law enforcement officer or as a fireman.

" ADMINISTRATIVE PROVISIONS

" Sec. 704. 42 USC 3796c. (a) The Administration is authorized to establish such rules, regulations, and procedures as may be necessary to carry out the purposes of this part. Such rules, regulations, and procedures will be determinative of conflict of laws issues arising under this part. Rules, regulations, and procedures issued under this part may include regulations governing the recognition of agents or other persons representing claimants under this part before the Administration. The Administration may prescribe the maximum fees which may be charged for services performed in connection with any claim under this part before the Administration, and any agreement in violation of such rules and regulations shall be void.

"(b) In making determinations under section 701, the Administration may utilize such administrative and investigative assistance as may be available from State and local agencies. Responsibility for making final determinations shall rest with the Administration.".

MISCELLANEOUS PROVISIONS

Sec. 3. Section 520 of the Omnibus Crime Control and Safe Streets Act of 1968, 42 USC 3768. as amended, is amended by adding at the end thereof the following new subsection:

"(c) There are authorized to be appropriated in each fiscal year such sums as may be necessary to carry out the purposes of part J.".

Sec. 4. The authority to make payments under part J 42 USC 3796 note. of the Omnibus Crime Control and Safe Streets Act of 1968 (as added by section 2 of this Act) shall be effective only to the extent provided for in advance by appropriation Acts.

Sec. 5. If the provisions of any part of this Act 42 USC 3796 note. are found invalid, the provisions of the other parts and their application to other persons or circumstances shall not be affected thereby.

Sec. 6. The amendments made by this Act 42 USC 3796 note. shall become effective and apply to deaths occurring from injuries sustained on or after the date of enactment of this Act.

Approved September 29, 1976.

LEGISLATIVE HISTORY:

HOUSE REPORTS: No. 94--1032 (Comm. on the Judiciary) and No. 94--1501 (Comm. of Conference).

Copr. © West 2006 No Claim to Orig. Govt. Works

PL 94-430, September 29, 1976, 90 Stat 1346
**(Publication page references are not available for this document.)**

SENATE REPORTS: No. 94--816 (Comm. on the Judiciary) and No. 94--825 accompanying S. 230 (Comm. on the Judiciary).

CONGRESSIONAL RECORD, Vol. 122 (1976): Apr. 30, considered and passed House. July 19, considered and passed Senate, amended. Sept. 15, House agreed to conference report. Sept. 16, Senate agreed to conference report.

WEEKLY COMPILATION OF PRESIDENTIAL DOCUMENTS, Vol. 12, No. 40: Sept. 29, Presidential statement.

PL 94-430, 1976 HR 366

END OF DOCUMENT

Copr. © West 2006 No Claim to Orig. Govt. Works