IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DIANA DAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-525C |
| | ) | Judge : Nancy B. Firestone |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant | ) | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

This brief is in opposition to Defendant's motion to dismiss for failure to State a Claim pursuant to Court of Federal Claims Rule 12(b)(6), which is in effect a motion for summary judgment pursuant to Court of Federal Claims Rule 56.

**QUESTION PRESENTED**

Whether death benefits pursuant to the Public Safety Officers' Benefits Act of 1976 ("the Act") are available where a Police Officer's, in the line of duty, injuries occurred 2 years and three weeks before the effective date of the Act, (September 29, 1976), were the proximate cause of his death which occurred on March 7, 1999, over twenty two years after the effective date of the Act.

**STATEMENT OF THE CASE**

**I. Nature of the Case and Procedural History**

This action concerns a claim for death benefits by Diana Dawson, the surviving widow of Richard Dawson, a New Jersey

Police Officer pursuant to the PSOBA, (Public Safety Officer's Benefit's Act), which is an amendment to the Omnibus Crime Control and Streets Act of 1968, 42 U.S.C. § 3701, 3796. Plaintiff, Diana Dawson submitted an application for death benefits to the Bureau of Justice Assistance of the United States Department of Justice on or about May 1, 2002. Compl., Ex. 1. The Bureau denied Ms. Dawson's original application because the Act was not effective until September 29, 1976. Compl., Ex. 1. Diana Dawson was not represented by counsel and did not receive a complete copy of the determination until February 21, 2003. Mrs. Dawson filed an appeal immediately after the initial determination of May of 2002 and counsel filed a written appeal letter on February 13, 2003, immediately after being retained.

Discovery was exchanged between the claimant and the Department of Justice and the matter was heard by Hearing Officer Kenneth McWilliams on December 4, 2003, 1:00pm, at the Law Office of Richard D. Madden, attorney for the plaintiff, at 16 North Centre Street, Merchantville, N.J. 08109.

Hearing Officer McWilliams found that officer Dawson's died as a direct result of injuries received during the line of duty but affirmed the agency decision that the Act did not apply to him or his survivors because the injuries occurred before the date of the enactment of the Act. This was affirmed by the Bureau of Justice Assistance on August 5, 2005. Mrs. Dawson filed the appeal in this Court on October 3, 2005.

## II. Statement Of Facts

On September 7, 1974, Richard Dawson was a Pennsauken Township, New Jersey Police Officer. Compl. ¶ 1. On that date he on duty and responding to a burglar alarm call when he lost control of his patrol vehicle on a wet roadway. Compl. ¶ 2. The vehicle left the roadway and impacted a metal pole sign. Compl. ¶ 3. Officer Dawson was freed from the wreckage by rescue workers and transported in critical condition to Our Lady of Lourdes Hospital in Camden N.J. Compl. ¶ 4. As a direct result of the, "in the line of duty," accident Officer Dawson sustained severe injuries that left him a quadriplegic and confined to a wheelchair continuously until his death on March 7, 1999. Compl. ¶ 5. He retired from the Police Department on March 1, 1976. Compl. ¶ 6. Police Officer Richard Dawson is survived by his wife Diana Dawson and his son, Bryan Dawson, date of birth, 8/18/69. Bryan Dawson has submitted a statement that he was self supporting at the time of his father's death. Compl. ¶ 7.

## ARGUMENT

## I. Standard of Review

If on motion asserting the defense No (6), to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary

Case 1:06-cv-00525-NBF Document 13-1 Filed 12/29/06 Page 4 of 9

judgment and disposed of as provided by in RCFC 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by RCFC 56. RCFC 12(b)(6). Accordingly, the standard of review is that the moving party must show that there exists no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law. RCFC 56(c).

**II. Plaintiff Is Entitled To Benefits pursuant To The Public Safety Officers' Benefits Act of 1976 Because Officer Dawson's Death Occurred After Enactment Of The Act And A Plain Reading Of The Act Allows For Benefits To Be Paid When The Death Occurs After Enactment Of The Act**

The U.S. Attorney's position that the PSOBA provides benefits for injuries leading to death which occurred on or after the date the PSOBA was enacted, September 29, 1976, is only one interpretation of the Statute. As discussed below there are other interpretations, the Statute is ambiguous, and the clear intent of the legislation is to aid survivors of Police Officers whose injuries, caused in the line of duty, led to their death.

Officer Dawson was injured, in the line of duty, on September 7, 1974. He suffered severe, permanent, disabling injuries and remained a quadriplegic until his death on March 7, 1999. His wife, Diana Dawson, the claimant, cared for him for the entire twenty-five years. The decision of Hearing Officer Eric Martin to use the date of September 7, 1974 as the date to

determine eligibility for benefits is arbitrary, wrong and flies in the face of the intent of the legislation.

28 C.F.R. 32.6 Conditions of Payment, subsection (b), states,

> The Act applies to state and local public safety officers killed in the line of duty on or after September 29, 1976;

The legislative intent of the Statute is to compensate the survivors of Police Officers who have suffered catastrophic injuries or who have died as a result of in the line of duty injuries.

28 C.F.R. 32.4 states:

> The bureau shall resolve any reasonable doubt arising from the circumstances of the officer's death or permanent and total disability in favor of payment of the death or disability benefit.

There appears to be no specific cases on point regarding the PSOBA due to the unusual nature of the claim and the unusual fact pattern. The agency and the hearing officer rely on the amendment to the 1968 Act which states "the amendments made by this Act shall become effective and apply to deaths occurring from injuries sustained on or after the date of enactment of this Act". P.L. 94-430, Sec 6 (September 29, 1976). This sentence is confusing and can be read in several ways including

Case 1:06-cv-00525-NBF Document 13-1 Filed 12/29/06 Page 6 of 9

to mean the injuries must occur after the enactment of the Act or that the Death must occur after the enactment of the Act.

A reading of the Statute makes it clear that the circumstance of an injury occurring before the date of September 29, 1976 and causing death after that date were not intended to be excluded by the drafters of the document. If they wanted it excluded it would have been set forth in plain and unambiguous language. This omission or ambiguity must be examined under the general rules of Statutory Construction and by looking at past rulings of the Courts, keeping in mind the legislative intent of the statute, to help the survivors of police officers killed in the line of duty by providing death benefits.

An analogous situation can be seen in the case of *Richardson v. Knud Hansen Memorial Hospital,* 744 F. 2nd. 1007, U.S. Court of Appeals, (Third Circuit, 1984). In that case a wrongful death action was filed and the issue was the accrual of the cause of action date. The defense argued the date was the date of the accident and the Plaintiff argued it was the date of the death. The Court ruled on p. 1011, that the legislature intended to create an independent cause of action for wrongful death and that the accrual date for that action is the date of death, not the date of the accident. The Court went on to say on p. 1011 that, "were we to hold that the accrual date for a wrongful death action in the Virgin Islands was the date of injury instead of

the date of death, we would unfairly deprive the survivors of their right to recover. The same rationale is applicable to the case at bar.

In the case of, *Penn Jersey Welding Co., et. al., v. Lowe, Deputy Commissioner et. al.,* 183 F.2d 936, U.S. Court of Appeals, Third Circuit, (1950), there was an amendment to the Longshoreman's Act providing compensation to the widow of a decedent, which increased benefits after an effective date of the amendment, (similar to the case at bar), and limited its application to death's occurring after the effective date. The husband in this case was injured before the effective date and died after the effective date of the amendment as in the case at bar. Appellant argued that the Statute should be read to mean that the injuries as well as the death must occur after the effective date. The Court on page 937 rejected that argument and said, "Such a construction, if intended by Congress, could have been indicated quite simply, by omitting the phrase "or deaths" altogether." Again the Courts have consistently held that the date of the death is the controlling factor in determining eligibility for death benefits. If benefits were intended to be denied to Officers injured before the enactment date and dying after the enactment date the Statute could simply say so. In *McAllister v. Board of Education, Town of Kearney,* 42 N.J. 56, 198 A.2d 765, Supreme Court, (1964), the Court used

similar reasoning to *Penn Jersey*, supra, when it found that the date of death, not the date of injury, was controlling in determining Workers' Compensation Benefits.

When ambiguity exists in a Statute the Courts traditionally construe the Statute as a whole to determine the legislative intention from the plain meaning of the statute and to apply the statutory provision, in light of that intention, to the facts. *State Board of Medical Examiners v. Warren Hospital*, 102 N.J. Super 407, 413, 246 A.2d 78, District Court of Warren County, N.J. (1968). *Valansi v. Ashcroft*, 278 F. 3rd. 203, U.S. Court of Appeals, Third Circuit., (2001).

The legislative intent of the PSOB Act is to compensate the survivors of Police Officers whose death was caused by an in the line of duty incident. The failure of the regulation to address the particular facts of this case does not warrant the harsh result of denial of benefits. That result flies in the face of the legislative intent. It seems unlikely, and at odds with the legislative intent, that Congress intended to exclude the limited class of persons in the same situation as Officer Dawson. If they did so intend, it would have and should have been spelled

Case 1:06-cv-00525-NBF Document 13-1 Filed 12/29/06 Page 9 of 9

out clearly. Officer Dawson was killed in the line of duty.

**III. Conclusion**

The question presented is a question of law and can be decided as a summary judgment matter. There are no factual disputes. It is respectfully requested that Defendant's motion be denied for the reasons set forth above.

Respectfully submitted,

s/Richard D. Madden

December 29, 2006

Richard D. Madden
Trial Attorney for Plaintiff
16 N. Centre Street
Merchantville NJ 08109
856-665-4141 Fax 856-665-4314