# In the United States Court of Federal Claims

**No. 06-525C**
**(Filed: January 22, 2007)**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| | * | |
| **DIANA DAWSON,** | * | |
| | * | |
| **Plaintiff,** | * | **Public Safety Officers' Benefits Act of** |
| | * | **1976, 42 U.S.C. §§ 3796 - 3796c; Death** |
| **v.** | * | **Benefits Eligibility; Date of Injury.** |
| | * | |
| **THE UNITED STATES,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

*Richard D. Madden,* Merchantville, NJ, for plaintiff.

*David A. Harrington,* U.S. Department of Justice, Washington, DC, with whom were *Peter D. Keisler, Assistant Attorney General* and *Director David M. Cohen,* for defendant.

## ORDER UPHOLDING THE DENIAL OF BENEFITS UNDER THE PUBLIC SAFETY OFFICERS' BENEFITS ACT

**FIRESTONE**, *Judge*.

This case comes before the court on the United States' motion to dismiss the complaint in this action for failure to state a claim upon which relief can be granted

pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). The United States ("government") contends that the plaintiff, Diana Dawson ("Dawson" or "plaintiff"), is not eligible for the death benefits she seeks under the Public Safety Officers' Benefits Act of 1976, Pub. L. No. 94-430, 90 Stat. 1346 (1976) (codified as 42 U.S.C. §§ 3796 - 3796c) ("PSOBA"), because the plaintiff's husband Richard Dawson's death resulted from injuries sustained in the line of duty as a police officer in 1974, two years prior to the PSOBA's effective date of September 29, 1976. Ms. Dawson contends that she is entitled to death benefits under the PSOBA because her husband's death occurred after its effective date, arguing that the provisions of the PSOBA that govern eligibility for death benefits are ambiguous and can be interpreted in more ways than one.

## BACKGROUND

Relevant facts taken from the complaint are summarized below. For purposes of its motion, the government accepts the plaintiff's allegations as fact. The plaintiff's husband ("Officer Dawson") was a Pennsauken Township, New Jersey police officer. Compl. ¶ 1. On September 7, 1974, while responding to a burglar alarm call, Officer Dawson lost control of his patrol vehicle on a wet roadway; the vehicle left the road and hit a metal sign pole. Compl. ¶¶ 2, 3. Following the accident, Officer Dawson was transported to the hospital in critical condition. Compl. ¶ 4. As a result of the accident, Officer Dawson suffered from multiple serious injuries which left him a quadriplegic and confined him to a wheelchair for the rest of his life. Compl. ¶ 5. Officer Dawson died as

a result of his injuries on March 7, 1999. Compl. ¶¶ 5, 7.

On or about May 1, 2002, Ms. Dawson submitted an application for death benefits to the Bureau of Justice Assistance ("BJA") of the United States Department of Justice. The BJA denied Ms. Dawson's application on May 1, 2002, finding that the PSOBA only provides for benefits for families of public safety officers injured on or after its date of enactment, and because Officer Dawson "was injured in 1974, his death is not covered by the [PSOBA], and his survivors are ineligible for the benefit authorized to be paid through the PSOB Program." Pl.'s Ex. 1, ¶ 4. Ms. Dawson filed an administrative appeal of the BJA's decision, which was argued before Hearing Officer Kenneth McWilliams on December 4, 2003. The Hearing Officer upheld the BJA's decision, concluding that "benefits cannot be awarded to Claimant Dawson because the injuries sustained by Officer Dawson occurred before the implementation of the [PSOBA]." Pl.'s Ex. 8. Ms. Dawson challenged the denial of her claim for benefits by the BJA in this court on October 25, 2006.[1] The government filed a motion to dismiss for failure to state a claim on December 8, 2006.

---

[1]Ms. Dawson originally appealed the BJA decision to the Court of Appeals for the Third Circuit on October 17, 2005. The Third Circuit transferred Ms. Dawson's appeal to the Court of Appeals for the Federal Circuit, which in turn transferred the matter to the Court of Federal Claims. Ms. Dawson filed a "transfer complaint" as directed by this court on October 25, 2006.

This court has jurisdiction to review final BJA decisions pursuant to the Tucker Act, 28 U.S.C. § 1491 (2000), which confers to the court jurisdiction over certain suits for money against the United States. A suit under the Tucker Act must be founded on a separate money-mandating statute, which the PSOBA is. See, e.g., Yanco v. United States, 258 F.3d 1356, 1358-59 (Fed. Cir. 2001); Greeley v. United States, 50 F.3d 1009, 1010 (Fed. Cir. 1995); LaBare v. United States, 72 Fed. Cl. 111, 115 (2006).

## DISCUSSION

### A. Standard of Review

The government has filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6). For purposes of this order, the court treats this motion as a motion for judgment upon the Administrative Record based on judicial review of the BJA's decision. This court's review of a final BJA decision denying death benefits is limited to the following three inquiries: "(1) whether there has been substantial compliance with statutory requirements and with the requirements of implementing regulations; (2) whether there has been any arbitrary or capricious action on the part of the government officials involved; and (3) whether the decision denying the claim is supported by substantial evidence." See Yanko v. United States, 258 F.3d 1356, 1362 (Fed. Cir. 2001) (citing Chacon v. United States, 48 F.3d 508, 511 (Fed. Cir. 1995)); Greeley v. United States, 50 F.3d 1009, 1010 (Fed. Cir. 1995) (quoting Morrow v. United States, 227 Ct. Cl. 290, 296, 647 F.2d 1099 (1981)). Where, as here, the government contends that the plaintiff does not meet the statutory prerequisites set forth by the PSOBA, the court's review need not go further than determining whether the BJA's interpretation of the PSOBA's threshold requirements was accurate.

### B. The Plaintiff is Not Entitled to Benefits Pursuant to the PSOBA as a Matter of Law.

In this action, the plaintiff seeks a review of the BJA's decision denying her death benefits pursuant to the PSOBA, which was enacted on September 29, 1976. The

PSOBA was enacted to "provide benefits to survivors of certain public safety officers who die in the performance of duty." PSOBA § 1. The PSOBA states that it "shall become effective and apply to deaths occurring from injuries sustained on or after the date of enactment." PSOBA § 6 (emphasis added). The government asserts that, because Officer Dawson's injuries occurred on September 7, 1974, two years prior to the PSOBA's enactment, the benefits provided for by the PSOBA are not available to Ms. Dawson. Therefore, the government contends that the facts alleged by the plaintiff do not entitle the plaintiff to benefits under the PSOBA.

Ms. Dawson contends that the PSOBA is ambiguous and is subject to more than one interpretation. Specifically, Ms. Dawson argues that the phrase in the PSOBA limiting its application "to deaths occurring from injuries sustained on or after the date of enactment" could be read to mean either that: (1) the injuries must be sustained on or after the date of enactment (the government's interpretation); or (2) the death must occur on or after the date of enactment. Ms. Dawson contends that the latter reading more closely fits with the legislative intent of the PSOBA, which was to provide benefits to the survivors of public safety officers killed in the line of duty. Ms. Dawson argues that any ambiguity in interpreting the PSOBA should be resolved in her favor, citing 28 C.F.R. § 32.4, which states:

> The bureau shall resolve any reasonable doubt arising from the circumstances of the officer's death or permanent and total disability in favor of payment of the death and disability benefit.

Therefore, the plaintiff argues that the BJA erred in denying her benefits under the

PSOBA and that she is entitled to receive death benefits under the PSOBA as a result of Officer Dawson's death, which did not occur until March 7, 1999.[2]

In reviewing the BJA's interpretation of the PSOBA, the court must first consider the plain language of the statute. Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-843 (1984) ("If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress."); Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997) (holding that the court must first "determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case."). If the plain language of the statute is clear and "the statutory scheme is coherent and consistent," Robinson, 519 U.S. at 340, the court must go no further in its interpretation.

The court agrees with the government that the language of the PSOBA is clear on its face and that, under the plain language of the PSOBA, Ms. Dawson is not entitled to the benefits it provides. The PSOBA clearly limits its application to "deaths occurring from injuries sustained on or after the date of enactment." PSOBA § 6 (emphasis added).

---

[2]In support of her argument, the plaintiff cites three different decisions which she contends are analogous to the case at hand. Richardson v. Knud Hansen Memorial Hospital, 744 F.2d 1007 (3rd Cir. 1984); Penn Jersey Welding Co. v. Lowe, 183 F.2d 936 (3rd Cir. 1950); and McAllister v. Board of Education, Town of Kearney, 198 A.2d 765 (N.J. 1964). None of these decisions deal with the appropriate interpretation of the PSOBA provision currently at issue before the court. Instead, Richardson considers the proper accrual date for a wrongful death action, 744 F.2d at 1011; Penn Jersey considers death benefits provided for by the Longshoreman's Act, 183 F.2d at 937; and McAllister considers workers' compensation benefits, 198 A.2d at 766. Accordingly, these decisions are not relevant in interpreting the PSOBA and the plaintiff's reliance on these decisions is misplaced.

If the drafters of the PSOBA had intended for death benefits to be granted to survivors of public safety officers who were either injured or who died on or after the date of enactment, the drafters could have clearly indicated such an intent. Instead, Congress focused the language of the statute specifically on the date of the injury. As such, the BJA was correct in determining that the plaintiff is not entitled to benefits under the PSOBA because her husband was injured before the PSOBA's effective date, and the court therefore upholds the BJA's decision.

**CONCLUSION**

For the above-stated reasons, the Clerk of the court is directed to enter judgment in favor of the government. Each party is to bear its own costs.

**IT IS SO ORDERED**.

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge