**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| DIANA DAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-525C |
| v. | ) | (Judge Nancy B. Firestone) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Richard Dawson, a New Jersey police officer, sustained injuries in an automobile accident in 1974 – over two years before enactment of the Public Safety Officers' Benefits Act of 1976 ("PSOB Act" or "Act"). The Act provides monetary benefits to family members of police officers whose death is caused by injuries sustained in the line of duty. Pub. L. No. 94-430 § 2 (Sept. 29, 1976) (codified at 42 U.S.C. § 3796). However, benefits under the Act are available only for "deaths occurring from injuries sustained on or after the date of enactment of th[e] Act." Id. § 6. Congress has the power to set the parameters for statutory benefits. For this reason, the United States' motion to dismiss should be granted.

In her response brief, Ms. Dawson argues that the PSOB Act is ambiguous. Pl.'s Br. at 4. Ms. Dawson is mistaken. Section 6 of the Act establishes an unambiguous effective date of September 29, 1976, and provides benefits only if a local law enforcement officer's death results from injuries sustained on or after the effective date. Pub. L. No. 94-430 § 6 (Sept. 29, 1976) Given this clear statutory directive, no further inquiry is necessary or appropriate. E.g., Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 438 (1999) ("As in any case of statutory construction, our analysis begins with the language of the statute. . . . And where the statutory language provides a clear answer, it ends there as well."); Sharp v. Nicholson, 403 F.3d 1324, 1326 (Fed.

Cir. 2005); see also Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004) ("It is well established that when the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms.") (internal quotes omitted).

Ms. Dawson nevertheless refers the Court to two regulatory provisions that, she contends, warrant a different result. Pl.'s Br. at 5 (citing 28 C.F.R. §§ 32.4 & 32.6).[1] A statutory command cannot be altered by regulation. K Mart Corp. v. Cartier, Inc., 486 U.S. 281, 294 (1988); Kievenaar v. Office of Personnel Management, 421 F.3d 1359, 1364 (Fed. Cir. 2005). Furthermore, the implementing regulations expressly incorporate the statute's effective date for policemen death benefits. 28 C.F.R. § 32.3 (2006) (defining the "Act" as having a September 29, 1976 effective date for local law enforcement officer death benefits). Any discussion of benefits in the regulations is, therefore, subject to the September 1976 effective date.[2]

Ms. Dawson's brief also cites several cases as support for her claimed benefits. Pl.'s Br. at 6-8. However, none of the cases are binding authority and, moreover, none concern application of the PSOB Act. In Richardson v. Knud Hanson Memorial Hospital, 744 F.2d 1007 (3rd Cir. 1984), the Court of Appeals for the Third Circuit addressed the accrual date for a medical malpractice action for wrongful death under Virgin Islands law. The action did not

---

[1] Section 32.4 does not contain the language quoted by Ms. Dawson. Nor does any other regulation governing the PSOB Act contain the quoted language. A correct copy of 28 C.F.R. § 32.4 is attached to this brief as Exhibit A.

[2] Section 32.6 states that the Act applies to policemen "killed" in the line of duty on or after September 29, 1976. 28 C.F.R. § 32.6. The term "killed" – unlike a reference to the date of "death" – indicates that both the injury sustained and the resulting death must occur after September 29, 1976. This is consistent with the statutory language and the regulatory definition of "Act."

concern benefits under the PSOB Act and, indeed, the PSOB Act is never mentioned. It provides no basis for awarding Ms. Dawson PSOB Act benefits in this action.

Penn Jersey Welding Company v. Lowe, 183 F.2d 936 (3rd Cir. 1950), likewise does not concern the PSOB Act. Penn Jersey did, however, discuss the effect of a Congressional amendment to the Longshoreman's and Harbor Workers' Compensation Act. The court explained that "Congress adverted to and expressly covered the effective date of the amendment, stipulating that provisions of the amendatory Act 'shall be applicable only to injuries or deaths occurring on or after the effective date hereof.'" Id. at 937 (emphasis added). Noting that the statutory language was unambiguous, the court found no reason for finding that "Congress meant either more or less than it said." Id. The same general approach should be used here. Congress, employing different language than that used to amend the Longshoreman's and Harbor Workers Compensation Act, stipulated that the PSOB Act applies only to "deaths occurring from injuries sustained on or after" September 29, 1976. Pub. L. No. 94-430 § 6. The statutory language is clear. Thus, as in Penn Jersey, there exists no basis for finding that Congress meant either more or less than it said. See Penn Jersey, 183 F.2d at 937 (noting that Congress could have chosen to limit benefits to "death resulting from injuries occurring after the effective date"). Because Mr. Dawson's injury occurred before September 29, 1976, Ms. Dawson's application for PSOB Act benefits was correctly denied.

In sum, while we sympathize with Ms. Dawson's loss and understand her desire for benefits under the PSOB Act, Congress has established clear criteria for the payment of such benefits. Given that both the statute and implementing regulations preclude benefits for injuries

sustained before September 29, 1976, the Bureau of Justice Assistance correctly determined that no benefits are owed to Ms. Dawson pursuant to the Act.

## CONCLUSION

For these reasons and for the reasons given in our motion to dismiss, the United States respectfully requests that the Court dismiss this action.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Todd M. Hughes

TODD M. HUGHES
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit,
8th Floor
Washington, D.C. 20530
Tele: (202) 616-0465
Fax: (202) 307-0972

January 22, 2007

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 22nd day of January 2007, a copy of "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Harrington